UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1: | Terry | Ray | Crotts |
| | First Name | Middle Name | Last Name |
| Debtor 2: | Rebecca | Ann | Crotts |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| Case Number: | 18-50636 | | |
| (If known) | | | |
| SSN# Debtor 1: XXX-XX- | xxx-xx-0438 | | |
| SSN# Debtor 2: XXX-XX- | xxx-xx-4581 | | |

☒ Check if this is an amended plan, and list below the sections of the plan that have changed.

_____

# SECOND AMENDED CHAPTER 13 PLAN

**Section 1:   Notices.**

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on this form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with Local Rules and judicial rulings may not be confirmable. *You **must** check each box that applies in § 1.1 and 1.3 below. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 4, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest will be done by separate motion or adversary proceeding. | ☐ Included | ☒ Not Included |
| 1.3 | Nonstandard provisions set out in Section 9 | ☒ Included | ☐ Not Included |

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You will need to file a proof of claim in order to be paid under any plan. Official notice will be sent to Creditors, which will provide the name and address of the Trustee, the date and time of the meeting of creditors, and information regarding the filing of proofs of claim.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least seven days before the date set for the hearing on confirmation. You will receive notification from the Bankruptcy Court of the date set for the hearing on confirmation. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

The applicable commitment period is:

☒ 36 Months

☐ 60 Months

The amount that allowed priority and non-priority unsecured claims would receive if assets were liquidated in a Chapter 7 case, after allowable exemptions, is estimated to be $ __1038.00__ .

**Section 2:   Payments.**

2.1   The Debtor will make payments to the Trustee as follows:

**$843.00** per **Month** for **1** month(s)
**$1,173.00** per **Month** for **59** month(s)

Additional payments __NONE__

2.2  The Debtor shall commence payments to the Trustee within thirty (30) days from the date the petition was filed. If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to pay creditors as specified in this plan.

### Section 3:  Fees and Priority Claims.

3.1  **Attorney fees.**

☑ The Attorney for the Debtor will be paid the presumptive base fee of $ __4500__ . The Attorney has received $ __0__ from the Debtor pre-petition and the remainder of the fee will be paid monthly by the Trustee as funds are available.

☐ The Attorney for the Debtor will be paid a reduced fee of $____ . The Attorney has received $____ from the Debtor pre-petition and the remainder of the fee will be paid monthly by the Trustee as funds are available.

☐ The Attorney for the Debtor will file an application for approval of a fee in lieu of the base fee.

3.2  **Trustee costs.** The Trustee will receive from all disbursements such amount as approved by the Court for payment of fees and expenses.

3.3  **Priority Domestic Support Obligations ("DSO").**

a. ☑ None. If none is checked, the rest of Section 3.3 need not be completed or reproduced.

3.4  **Other Priority Claims to be Paid by Trustee.**

a. ☐ None. If none is checked, the rest of Section 3.4 need not be completed or reproduced.

b. To Be Paid by Trustee

| Creditor | Estimated Priority Claim |
|---|---|
| Davidson County Tax Collector**** | $0.00 |
| Internal Revenue Service (MD)** | $3,625.95 |
| North Carolina Dept. of Revenue** | $0.00 |

### Section 4:  Secured Claims.

4.1  **Real Property – Claims Secured Solely by Debtor's Principal Residence.**

a. ☐ None. If none is checked, the rest of Section 4.1 need not be completed or reproduced.
b. ☑ Maintenance of Payments and Cure of Default.

Installment payments on the claims listed below will be maintained and any arrearage will be paid in full. Proofs of claim should reflect arrearage amounts through the petition date. For accounts that are in default, the Trustee will commence disbursements of installment payments the month after confirmation. Any filed arrearage claim will be adjusted to include post-petition installment payments through the month of confirmation.

Amounts stated on a filed proof of claim, and as adjusted to include post-petition payments through the month of confirmation, will control over any contrary amounts listed below for the installment payment and the arrearage. Additionally, the Trustee will adjust the installment payment in accordance with any Notice of Mortgage Payment Change filed under Bankruptcy Rule 3002.1.

The Trustee is authorized to pay any post-petition fee, expense, or charge for which notice is filed under Bankruptcy Rule 3002.1 if no objection is filed to such fee, expense, or charge.

| Creditor | Address of Residence | Current Y/N | Installment Payment | Estimated Arrearage Amount on Petition Date | If Current, Indicate by Debtor or Trustee |
|---|---|---|---|---|---|
| | | | | | |

| Creditor | Address of Residence | Current Y/N | Installment Payment | Estimated Arrearage Amount on Petition Date | If Current, Indicate by Debtor or Trustee |
|---|---|---|---|---|---|
| Wells Fargo USA Holdings, Inc. | 3260 Young Road Lexington, NC 27292 Davidson County Valuation Method (Sch. A & B) : Tax Value - 10% | N | $695.73 | $2,119.82 | Trustee |

c. ▪ Claims to be Paid in Full by Trustee

| Creditor | Address of Residence | Estimated Claim | Monthly Payment | Monthly Escrow Payment | Contractual Interest Rate |
|---|---|---|---|---|---|
| Wells Fargo Home Mortgage** | 3260 Young Road Lexington, NC 27292 Davidson County Valuation Method (Sch. A & B) : Tax Value - 10% | $1,834.08 | $36.02 | | 1.00% |

d. ▪ Request for Valuation to Treat Claims as Totally Unsecured. *This will be effective only if the applicable box in Section 1.1. of this plan is checked.*

| Creditor | Address of Residence | Estimated Claim | Value of Residence | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim |
|---|---|---|---|---|---|
| Lexington Memorial Hospital | 3260 Young Road Lexington, NC 27292 Davidson County Valuation Method (Sch. A & B) : Tax Value - 10% | $25,903.42 | $123,984.00 | $52,600.34 + Debtors Exemption $69,945.00 | $1,438.66 |

4.2 **Real Property – Claims Secured by Real Property Other Than by Debtor's Principal Residence AND Claims Secured by Debtor's Principal Residence and Additional Collateral.**

   a. ▪ None. If none is checked, the rest of Section 4.2 need not be completed or reproduced.

4.3 **Personal Property Secured Claims.**

   a. ☐ None. If none is checked, the rest of Section 4.3 need not be completed and reproduced.

   b. ▪ Claims Secured by Personal Property to be Paid in Full.

| Creditor | Collateral | Estimated Claim | Monthly Payment | Interest Rate | Adequate Protection Payment | Number of Adequate Protection Payments |
|---|---|---|---|---|---|---|
| Federal Financial Services | 2006 Ford F250 250,206 miles VIN: 1FTSX215X6EC15357 Allstate Insurance Policy# 990586842 90% Clean Retail | $4,461.28 | $90.00 | 6.75% | $0.00 | 0 |

   c. ▪ Claims Secured by Personal Property excluded from 11 U.S.C. § 506 being either (i) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for personal use of the Debtor, or (ii) incurred within one

(1) year of the petition date and secured by a purchase money security interest in any other thing of value. The filed claim must include documentation to show exclusion from 11 U.S.C. § 506 in order to be paid in full.

| Creditor | Collateral | Estimated Claim | Monthly Payment | Interest Rate | Adequate Protection Payment | Number of Adequate Protection Payments |
|---|---|---|---|---|---|---|
| Capital One Auto Finance | 2011 Chevrolet Traverse 133,558 miles VIN: 1GNKRGED9BJ108320 Allstate Insurance Policy# 990586842 90% Clean Retail | $10,992.94 | $252.84 | 6.75% | $83.00 | 10 |
| Allied Financial | 2 televisions, 1 Computer, and 1 Embrodery Machine | $899.97 | $18.00 | 6.75% | $0.00 | 0 |

  d. ☐ Request for Valuation to Treat Claims as Secured to the Value of the Collateral and Any Amount in Excess as Unsecured. *This will be effective only if the applicable box in Section 1.1 of this plan is checked.*

| Creditor | Estimated Amount of Total Claim | Collateral | Value of Collateral | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim | Monthly Payment | Interest Rate | Adequate Protectionn Payment | Number of Adequate Protection Payments |
|---|---|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | | | |

  e. ☐ Maintenance of Payments and Cure of Default.

  Proofs of claim should reflect arrearage through the petition date. For accounts that are in default the Trustee will commence disbursements of installment payments the month after confirmation and any filed arrearage claims will be adjusted accordingly. Amounts stated on a proof of claim as adjusted to include post-petition payments through the month of confirmation, will control over any contrary amounts listed below for the installment payment and the arrearage.

| Creditor | Collateral | Installment Payment | Estimated Arrearage Amount on Petition Date |
|---|---|---|---|
| -NONE- | | | |

The Debtor requests that the Court determine the value of the secured claims listed as set forth in Sections 4.1.d, 4.2.d, and 4.3.d as applicable. For each non-governmental secured claim listed above, the Debtor states that the value of the secured claim should be set out in the column headed Amount of Secured Claim. For secured claims of governmental units only, unless otherwise ordered by the Court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed above. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated above.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Section 6 of this plan. If the amount of a creditor's secured claim is listed above as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Section 6 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in Section 4.

The holder of any claim listed in Section 4 as having value in the column headed Amount of Secured Claim will retain the lien on the property interest of the Debtor or the estate until the earlier of:

  (a) payment of the underlying debt determined under non-bankruptcy law, or

  (b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

**Section 5:    Collateral to be Surrendered.**

  a. ☐ None. If none is checked, the rest of Section 5 need not be completed or reproduced.

b. ☒ The Debtor Proposes to Surrender to Each Creditor Listed Below the Collateral that Secures the Creditor's Claim.

Upon timely filing of a claim evidencing a non-avoidable lien, the Debtor will surrender the collateral in satisfaction of the secured claim, and the stay under 11 U.S.C. § 362(a) will be terminated as to the collateral only and the stay under § 1301 will be terminated in all respects effective upon confirmation of this plan. Effective upon confirmation the creditor will be allowed a period of 120 days for personal property and a period of 180 days for real property to file a documented deficiency claim. Any allowed unsecured claim resulting from disposition of the collateral will be treated as an unsecured claim under Section 6.

| Creditor | Collateral to be Surrendered |
|---|---|
| State Employees' Credit Union**** | 2013 Ford Escape Unknown miles<br>* Co-Debtor to surrender interest |
| State Employees' Credit Union**** | Checking and Savings: State Employees Credit Union |

### Section 6: Nonpriority Unsecured Claims.

**6.1 Nonpriority Unsecured Claims Not Separately Classified.**

Allowed nonpriority unsecured claims will be paid pro rata with payments to commence after priority unsecured claims are paid in full.

a. ☒ The estimated dividend to nonpriority unsecured claims is __0__ %.

b. ☐ The minimum sum of $_____ will be paid pro rata to nonpriority unsecured claims due to the following:

   ☐ Liquidation Value

   ☐ Disposable Income

   ☐ Other

**6.2 Separately Classified Nonpriority Unsecured Claims.**

a. ☒ None. If none is checked, the rest of Section 6.2 need not be completed or reproduced.

### Section 7: Executory Contracts and Unexpired Leases.

a. ☒ None. If none is checked, the rest of Section 7 need not be completed or reproduced.

### Section 8: Local Standard Provisions.

8.1  a. The Trustee shall collect and disburse payments in accordance with the plan.
   b. Proofs of claim must be filed to receive disbursements pursuant to the plan. Any claim to be paid as secured must contain evidence of a properly perfected lien on property of the estate. If a claim is listed as secured and the creditor files an unsecured claim, the claim will be treated as unsecured.
   c. Any creditor holding an allowed secured claim and to whom the Debtor is surrendering property under the order confirming plan is granted relief from the automatic stay as to the property and relief from any co-debtor stay so the creditor may obtain possession and liquidate the property. Any net proceeds, after payment of liens and costs of liquidation, are to be forwarded to the Trustee.
   d. All payments being made by the Trustee on any claim secured by real or personal property shall terminate upon the lifting of the automatic stay with respect to the affected property.
   e. Notwithstanding the allowance of a claim as secured, all rights under Title 11 to avoid liens are reserved and confirmation of the plan is without res judicata effect as to any action to avoid a lien.
   f. Notwithstanding 11 U.S.C. § 1327(b), all property of the estate as specified by 11 U.S.C. §§ 541 and 1306 shall continue to be property of the estate following confirmation until the earlier of discharge, dismissal, or conversion of the case.
   g. Confirmation of the plan shall not prejudice the right of the Debtor or Trustee to object to any claim.
   h. The Debtor must promptly report to the Trustee and must amend the petition schedules to reflect any significant increases in income and any substantial acquisitions of property such as inheritance, gift of real or personal property, or lottery winnings.

**8.2 THE FOLLOWING ADDITIONAL PROVISIONS ARE APPLICABLE TO THE HOLDER OR SERVICER ("HOLDER") OF A CLAIM SECURED BY A DEED OF TRUST, A MORTGAGE OR SECURITY INTEREST IN REAL PROPERTY, OR A MOBILE HOME THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE:**

   a. The Holder, upon confirmation, is precluded from imposing late charges or other default related fees based solely on pre-confirmation default.

   b. If the Trustee is disbursing ongoing monthly installment payments, the Holder must apply each ongoing payment to the month in which the payment is designated.

   c. For any loan with an escrow account, the Holder must prepare and must send an escrow analysis annually to the Debtor, the Trustee and the Debtor's attorney. The first escrow analysis must be filed with the proof of claim in accordance with Bankruptcy Rule 3002.1. The escrow analysis should not include any amounts that were included or should have been included in the arrearage claim.

   d. The Holder shall continue to send monthly statements to the Debtor in the same manner as existed pre-petition and such statements will not be deemed a violation of the automatic stay.

   e. The Holder is required, upon request, to provide account information to the Trustee within 21 days of the request and failure to provide a timely response may result in an order requiring the Holder to appear and show cause as to why Holder should not be sanctioned for failure to comply.

   f. Nothing herein shall modify Holder's responsibilities under Bankruptcy Rule 3002.1.

   g. Unless the Court orders otherwise, an order granting a discharge in the case shall be a determination that all pre-petition and post-petition defaults have been cured and the account is current and reinstated on the original payment schedule under the note and security agreement as if no default had ever occurred.

   h. **PENALTY FOR FAILURE OF HOLDER TO COMPLY WITH THE REQUIREMENTS OUTLINED IN BANKRUPTCY RULE 3002.1.**
   Without limitation to the Court's authority to afford other relief, any willful failure of the Holder to credit payments in the manner required by Bankruptcy Rule 3002.1 or any act by the creditor following the entry of discharge to charge or collect any amount incurred or assessed prior to the filing of the Chapter 13 Petition or during the pendency of the Chapter 13 case that was not authorized by the order confirming plan or approved by the Court after proper notice, may be found by the Court to constitute contempt of Court and to be a violation of 11 U.S.C. § 524(i) and the injunction under 11 U.S.C. § 524(a)(2).

**Section 9:    Nonstandard Plan Provisions.**

   a. ☒ None. If none is checked, the rest of Section 9 need not be completed or reproduced.

   b. The following plan provisions will be effective only if there is a check in the box "Included" in Section 1.3. Any nonstandard provision as defined by Bankruptcy Rule 3015(c) set out elsewhere in this plan is void.

## MORTGAGE MODIFICATION PROVISION

Wells Fargo USA Holdings, Inc. holds a first lien and second lien deed of trust secured solely by the Debtors' principal residence. Debtors will seek a modification of the first lien mortgage from the date of confirmation and ending on March 31, 2019 (the "Modification Period"). During the Modification period, the Trustee will disburse monthly payments to Wells Fargo USA Holdings, Inc. following confirmation in the amount of $591.00 beginning with the first disbursement after confirmation. If a mortgage modification is not approved and executed within the Modification Period, then the plan payment will increase to $1410.00 per month effective for April, 2019 or in an amount necessary to pay the arrearage and contractual payments on the first lien mortgage during the remainder of this Plan. In the event of a modification, the plan payment will increase or decrease as necessary to meet the requirements of the Plan.

Debtors may participate in any Loan Modification Management Program (LMM) with respect to property secured by said mortgage claim based on the terms proposed by the North Carolina Bar Association Bankruptcy Section if one is established during the pendency of Debtors' case.

## JUDGMENT LIEN

Section 4.1(d) is non-binding on the Judgment Creditor, Lexington Memorial Hospital. Debtors will attempt to partially avoid the judicial lien under 11 U.S.C. 522(f) as impinging on Debtors' homestead exemption and the secured status of such judgment lien will be determined by separate Court Order. For purposes of this plan, the judgment creditor will be paid a secured claim of $1,438.66 at an interest rate of 8.00% per annum and monthly disbursements of $30 per month. In the event that the secured claim is more than anticipated, then the plan payment will increase in amount sufficient to pay the secured claim at the discretion of the Chapter 13 Trustee.

---

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in MDNC Local Form 113, other than any nonstandard provisions included in Section 9.**

Signature(s):

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if any, must sign below.*

| /s/ Terry Ray Crotts | /s/ Rebecca Ann Crotts |
|---|---|
| **Terry Ray Crotts** | **Rebecca Ann Crotts** |
| Signature of Debtor 1 | Signature of Debtor 2 |
| Executed on  **October 1, 2018** | Executed on  **October 1, 2018** |
| mm/dd/yyyy | mm/dd/yyyy |

/s/ Benjamin Busch for LOJTO                    Date:  **October 1, 2018**
**Benjamin Busch for LOJTO 43458**
Signature of Attorney for Debtor(s)

Address:     6616-203 Six Forks Road
             Raleigh, NC 27615
Telephone:   (919) 847-9750
State Bar No: 43458 NC

**UNITED STATES BANKRUPTCY COURT**
**Middle District of North Carolina**

In re: __Terry Ray Crotts__                                            )    Case No. __18-50636__
       __Rebecca Ann Crotts__                                          )
       __3260 Young Road__                                             )
              (address)                                                )
       __Lexington NC 27292-0000__                                     )    CHAPTER 13 PLAN
SS# XXX-XX- __xxx-xx-0438__                                            )
SS# XXX-XX- __xxx-xx-4581__                                            )
                                                                       )
              Debtor(s)                                                )

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the Notice to Creditors and Proposed Plan was served by first class mail, postage prepaid, to the following parties at their respective addresses:

**Reid Wilcox**
**Clerk of Court**
**U.S. Bankruptcy Court**
**Middle District of North Carolina**
P.O. Box 26100
Greensboro, NC 27402
Kathryn L. Bringle
**Chapter 13 Trustee**
**Winston-Salem Division**
Post Office Box 2115
Winston-Salem, NC 27102-2115

-NONE-

Date  __October 1, 2018__                         __/s/ Benjamin Busch for LOJTO__
                                                  Benjamin Busch for LOJTO 43458

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

In re:
**Terry Ray Crotts and
Rebecca Ann Crotts**,

Case No.: 18-50636

Soc. Sec. Nos. xxx-xx-0438 & xxx-xx-4581
Mailing Address: 3260 Young Road, Lexington, NC 27292-

Chapter 13

Debtors.

**AFFIDAVIT REGARDING SERVICE OF AMENDED PLAN**

I, Angel West, certify that on 10/2/18, a copy of the **Amended Chapter 13 Plan** was served on each of the following creditors:By regular, **first class United States mail**, postage fully pre-paid, upon the following creditors:

All creditors set forth on the attached mailing matrix. (updated to include the mailing address listed on any and every proof of claim already filed in this case)

Under penalty of perjury, I declare that the foregoing is true and correct.

Dated: 10/2/18

/s Angel West

Angel West

CertificateOfServiceAmended.wpt (rev. 7/5/18)

Allied Financial  
1111-B Yadkinville Road  
Mocksville, NC 27028

Allied Financial  
1111-B Yadkinville RD  
Mocksville, NC 27028

AmerAssist A/R Solutions, Inc.  
445 Hutchinson Avenue  
Suite 500  
Columbus, OH 43235

Applied Bank  
Bankcard Center  
PO box 11170  
Wilmington, DE 19850-1170

ARC Management Group, LLC  
1825 Barrett Lakes Boulevard  
Suite 505  
Kennesaw, GA 30144-7518

Aspen National Collections  
Post Office Box 5129  
Spring Hill, FL 34611

Capital One  
Post Office Box 71083  
Charlotte, NC 28272

Capital One Auto Finance  
C/O Secretary of State  
Attn: Officer or Managing Agent  
2 South Salisbury Street  
Raleigh, NC 27601

Capital One Auto Finance **  
Attn: Managing Agent or Officer  
4515 N Sante Fe Ave., Dept APS  
Oklahoma City, OK 73118

Country Door  
1112 7th Avenue  
Monroe, WI 53566-1364

Credit One Bank  
585 S. Pilot Street  
Las Vegas, NV 89119

Davidson County Tax Collector****  
PO Box 1577  
Lexington, NC 27293

Dish Network  
c/o GC Services  
6330 Gulfton  
Houston, TX 77081

Federal Financial Services  
C/O Ralph Williams  
Attn: Officer or Managing Agent  
116 East Market Street  
Elkin, NC 28621

Federal Financial Services, Inc.  
Attn: Managing Agent or Officer  
3736 North Patterson Avenue  
Winston Salem, NC 27105

Financial Data Systems, LLC  
1638 Military Cutoff Road  
Suite 201  
Wilmington, NC 28403

First Premier Bank  
3820 North Louise Avenue  
Sioux Falls, SD 57107

Internal Revenue Service (MD)**  
Post Office Box 7346  
Philadelphia, PA 19101-7346

Interstate Credit Collections  
711 Coliseum Plaza Court  
Winston Salem, NC 27106

Jennifer Hedrick  
618 Regents Center Circle  
Lexington, NC 27295

Lexington Memorial Hosptial  
C/O Wallace McLain Jr.  
Attn: Officer or Managing Agent  
250 Hospital Drive  
Lexington, NC 27292

Merrick Bank  
Post Office Box 30537  
Tampa, FL 33630-3537

NC Department of Justice  
for NC Department of Revenue  
Post Office Box 629  
Raleigh, NC 27602-0629

North Carolina Dept. of Revenue**  
Post Office Box 1168  
Raleigh, NC 27602-1168

Novant**  
PO Box 602584  
Charlotte, NC 28260-2584

Piedmont Triad Anesthesia PA  
145 Kimel Park Drive, Suite 100  
Winston Salem, NC 27103

Rushmore Service Center  
Post Office Box 5507  
Sioux Falls, SD 57117-5507

State Employees' Credit Union****  
Attn:  Officer  
Post Office Box 25279  
Raleigh, NC 27611

State Employees' Credit Union****  
Attn: Managing Agent or Officer  
Post Office Box  25279  
Raleigh, NC 27611

Surgical Specialists of NC, PA  
Post Office Box 33369  
Charlotte, NC 28233

| | | |
|---|---|---|
| Thomasville Emergency Physcians<br>2000 Frontis Plaza Blvd.<br>Winston Salem, NC 27103 | Triad Radiology Associates<br>Post Office Box 1259<br>Dept # 88680<br>Oaks, PA 19456 | U.S. Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Ave. NW<br>Washington, DC 20530-0001 |
| US Attorney's Office  (MD)**<br>101 S. Edgeworth Street, 4th floor<br>Greensboro, NC 27401 | Wake Forest Baptist Health<br>Post Office Box 751727<br>Charlotte, NC 28275 | Wells Fargo Home Mortgage**<br>C/O Secretary of State<br>Attn: Officer or Managing Agent<br>2 Salisbury Street<br>Raleigh, NC 27601 |
| Wells Fargo USA Holdings, Inc.<br>Default Document Processing<br>Attn: Managing Agent or Officer<br>1000 Blue Gentian RD., N9286-01Y<br>Eagan, MN 55121-7700 | Windstream<br>Attn: Support Services<br>1720 Galleria Boulevard<br>Charlotte, NC 28270 | Woodforest National Bank*<br>251 Premier Blvd<br>Roanoke Rapids, NC 27870 |